# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CORD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 4764 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| RYAN RUTHENBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Mr. Harris has filed *pro se* a "Motion for Relief of Judgement," citing Fed.R.Civ.P. 60(b)(2) and 28 U.S.C. §1655(3) [sic] [Dkt. #78].[1] Mr. Harris is an experienced litigant with a number of appearances in the United States District Court for the Northern District of Illinois. He has not served the defendant or his prior recruited counsel. Nor has he noticed the motion, Mr. Harris is currently incarcerated. The normal procedural rules are not excused because someone appears *pro se*. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *S.E.C. v. Spadaccini,* 256 Fed.Appx. 794, 795 (7th Cir.2007). Still, in certain contexts, *pro se* plaintiffs are accorded a measure of latitude – often substantial. *See generally Stelmokas v. Kodzius,* 460 Fed.Appx. 600, 605 (7th Cir.2012); Michael Fridkin and Rachel Brady, *Playing on an Uneven Field: Litigating Against a Pro Se Opponent,* The Circuit Rider 17 (May 2015); *S.E.C. v. Spadaccini,* 256 Fed.Appx. 794, 795 (7th Cir. 2007). But, it cannot be ignored that Mr. Harris is incarcerated and may not be able to set this case for hearing – or at least it does not appear that he can. But he could serve the defendant, but apparently has chosen not to.

---

[1] 28 U.S.C. §1655(3) has nothing to do with newly discovered evidence or anything else remotely relevant to this case. It has to do with "Lien enforcement; absent defendants."

Mr. Harris's underlying case, 13 C 04764, was dismissed with his explicit permission and while represented by counsel. On October 13, 2016, Mr. Harris executed a stipulation to dismiss [Dkt. #74, 76] in which he voluntarily agreed to dismiss his case. Here is the stipulation in full:

> Pursuant to Rule 41 (a) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED between the Plaintiff and the Defendants, by their respective attorneys of record, that an order granting Plaintiff a dismissal of his Complaint and this cause with prejudice and without the assessment of costs or attorneys' fees against either party, should be entered.

The Stipulation to Dismiss was signed by the plaintiff's lawyer, Jeanette Samuels.

His current motion [Dkt. #78] makes reference to supposed evidence that he conclusorily says is newly discovered; that evidence, however, it is not included with the motion, nor is its absence explained by Mr. Harris. So we have only Mr. Harris's unsupported assertion that it even exists. And that is not enough; "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). *See also Phillips v. Allen,* 668 F.3d 912, 916 (7th Cir. 2012)(even "[l]awyers' talk is no substitute for data."). *See also Miller v. Lehman*, 801 F.2d 492, 500 (D.C. Cir. 1986)(Edwards, J., concurring)("A party's position is not legally infirm because his opponent says so.").

Mr. Harris, as we have said, is no stranger to litigation. He is frequent litigant in this court, including before Judge Shadur. Judge Shadur's comments are significant because they demonstrate that Mr. Harris is not an ingenue whose current filing was made with knowledge of the rules. Here is what Judge Shadur said in different cases:

> On February 12, 2015 frequent litigant Cord Harris ("Harris"), a prisoner in custody at the Cook County Department of Corrections ("County Jail"), filed a self-prepared document that he has captioned "Motion To Alter or Amend the Judgement [sic]" in which he seeks to revive the two above-captioned lawsuits that this Court has dismissed in a January 29 memorandum opinion and order ("Opinion"). That dismissal was based on this Court's determination that Harris' course of conduct had rendered his allegations of poverty, as reflected in his In Forma Pauperis Application ("Application") forms, untrue "[in] every real world sense" (thus triggering the dismissal under Fed.R.Civ.P. § 1915(e)(2)(A)). Because Harris (who should have known better, given his extensive experience in this District Court) did not comply with the LR 5.2(f) dictate that requires the delivery of a copy of every

> court filing to the chambers of the judge assigned to the case, this Court learned of the motion only through its vetting of ECF filings, and it has had a copy printed out for its use.

*Harris v. Doe*, No. 14 C 10121, 2015 WL 913449, at *1 (N.D. Ill. Feb. 27, 2015)

> On January 29, 2015 this court dismissed two suits previously filed by plaintiff Cord Harris ("Harris"), finding that he had engaged in a fraud on the court. In those cases, both filed in December 2014, Harris sought to invoke the special in forma pauperis ("IFP") status that Congress has created for prisoner plaintiffs in 28 U.S.C. § 1915 (Section 1915"), in each instance utilizing the In Forma Pauperis Application ("Application") form provided by this District Court Clerk's Office for that purpose.

*Harris v. Odea*, No. 15 C 0821, 2015 WL 910515, at *1 (N.D. Ill. Feb. 25, 2015)

> Regrettably information recently uncovered by one of the able attorneys in the Staff Attorney's Office, James Dvorak, has exposed Harris as having provided false information and as gaming the system in a way that distorts Section 1915's purpose. Although Harris represented in his November 20, 2014 Application that he had not received more than $200 in funds over the preceding 12 months from *any* of the numerous categories listed in the Application, including the catchall category "any other source," his trust fund account reflects a $3,000 deposit in February 2014. And that false representation was made more egregious by Harris' quick withdrawal of most of that $3,000 by writing checks to a "friend" or "friends" (it is unclear from the trust fund printout whether one or more persons was or were involved in the arrangement, but the analysis is the same in either event), who in turn later redeposited those funds into his account over the next several months—redeposits that Harris promptly expended on commissary items well before he filed his suits in December. Indeed, though Case No. 14 C 10121 is grounded on an asserted attack on Harris by a fellow prisoner in July 2014, he did not file that suit until December 16—at a time when his trust fund account balance (in consequence of the just-described pattern of deposits followed by commissary expenditures that exhausted the account) had again been reduced to $0.

*Harris v. Doe*, 78 F. Supp. 3d 894, 895 (N.D. Ill. 2015).

In addition to cases before Judge Shadur, Mr. Harris is a plaintiff in at least four other cases. 13 C 801 *Harris v. Cook County* (Wood, J.); 13 C 5470 *Harris v. Cook County* (Wood, J.); 14 C 10401 *Harris v. Edwards* (Wood, J.); 15 C 1118 *Harris v. Beachum* (Wood, J.).

Quite apart from the requirements of Rule 60(b), Judge Shadur's opinions demonstrate that Mr. Harris's motion cannot under any circumstances be accepted as true. It is a pleading and requires proof, which any knowledgeable litigant like Mr. Harris would have attached to the motion, or explain why it wasn't. "Justice is not a game...." *United States v. Paglia,* 190 F.2d 445, 448 (2nd Cir.1951) (L.Hand, J.). *Accord Parker v. United States*, 358 F.2d 50, 54 (7th Cir. 1966).

Mr. Harris shall have 21 days to May 26, 2017 to file the evidence referred to in his current "Motion For Relief of Judgement" [Dkt. #78] or explain its absence. The defendant shall have 14 days to respond to either the current filing (if no other filing is made) or to the original and new filings. No reply brief will be necessary.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/5/17